### LITTLETON v. BOARD OF INFIRMARY DIRECTORS ET AL.

BOARD MAY REMOVE SUPERINTENDENT AT PLEASURE.

The board of infirmary directors, under sec. 962 Rev. Stat., have power to remove a superintendent at pleasure. A court of equity will not, therefore, after such office has been legally terminated, extend the *tenure* until plaintiff's alleged title can be adjudicated in a legal action.

ERROR to the Court of Common Pleas of Erie county.

PER CURIAM.

In this case plaintiff was appointed in May, 1883, by the defendant board, superintendent of the infirmary for one year, at a salary of $700, and $250 for his wife as matron. In January, 1894, the board removed Littleton as superintendent, and appointed defendant Irvin as superintendent; thereupon an action was begun by Littleton for an injunction restraining the defendants from interfering with his discharge of his duties as superintendent till in some legal action the title to said office be adjudicated. A demurrer to the petition was filed. The court of common pleas sustained the demurrer and dismissed the petition, and the plaintiff appealed to the circuit court and asked a preliminary injunc-

Littleton v. Infirmary Directors et al.

tion pending this action. The injunction was refused, as sec. 962, Rev. Stat., is explicit in giving to the infirmary directors the power to remove the superintendent at pleasure, and that, having exercised the power, a court of equity ought not to practically extend a tenure clearly appearing to have been legally terminated.

---

## EVIDENCE—NEGLIGENCE.

[Hamilton Circuit Court.]

King, Haynes and Parker, JJ.

(Of the Sixth Circuit, sitting in Hamilton County.)